UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T. Matthew Phillips,<br><br>      Plaintiff<br>v.<br><br>Bill Henderson,<br><br>      Defendant | Case No. 2:24-cv-00859-JAD-BNW<br><br>**Order Granting Motion to Dismiss<br>and Closing Case**<br><br>[ECF Nos. 7, 14] |

      T. Matthew Phillips claims that his Fourteenth Amendment right to a fair trial was violated because Nevada family-court judge Bill Henderson, who is presiding over his custody dispute, failed to disclose on the record that he had made a donation to the Legal Aid Center of Southern Nevada, which supplied free legal services to Phillips's ex-wife.[1] Judge Henderson moves to dismiss, arguing that judicial immunity shields him from Phillips's suit and that Phillips's allegations do not state a claim upon which relief may be granted.[2] Because I find that Phillips's suit is barred by judicial immunity and, regardless, he has failed to state a plausible constitutional claim, I grant the motion to dismiss with prejudice and close this case.

**Overview**

      Judge Bill Henderson is presiding over a child-custody dispute between Phillips and his ex-wife in the Family Division of the Eighth Judicial District Court, Clark County, Nevada.[3] Phillips claims that Judge Henderson donated money to Legal Aid Center of Southern Nevada,

---

[1] ECF No. 1.

[2] ECF No. 7.

[3] ECF No. 1 at ¶ 4.

and because Phillips's ex-wife and adversary in that custody dispute was getting free legal services from that organization, the judge had a duty to disclose this donation and his obvious bias.[4] Phillips claims that Judge Henderson's failure to do so violated his Fourteenth Amendment right to a fair trial.[5] He sues Judge Henderson in his personal capacity under 42 U.S.C. § 1983 for damages and injunctive relief.[6]

Phillips's case theory relies on screenshots of Facebook posts identifying Judge Henderson as "sponsor" at a Legal Aid luncheon.[7] He surmises that the judge had to make a donation to secure seating at the luncheon, and that contribution was improper because it caused Legal Aid to "bestow[] upon [Phillips's] ex-wife never-ending free legal services."[8] He characterizes this purported donation as an "inverse bribe" that created an actual bias in favor of Legal Aid and its clients and against any litigants appearing on the other side of a Legal Aid-funded lawyer.[9] According to Phillips, Judge Henderson's "sponsorship" of Legal Aid created the appearance of impropriety—and actual impropriety—sufficient to undermine judicial independence, integrity, and impartiality under Nevada Code of Judicial Conduct (NCJC) Rule 3.1(C) and requiring the judge's disqualification from matters involving Legal Aid under NCJC

---

[4] *Id.* at ¶ 5–6.

[5] *Id.* at ¶ 8.

[6] *Id.* at ¶ 29.

[7] *Id.* at ¶ 13.

[8] *Id.* at ¶ 14. Judge Henderson describes Legal Aid's role in Phillips's family dispute differently, alleging that Legal Aid merely coordinated with private attorneys who agreed to represent Phillips's ex-wife in the family dispute. ECF No. 7 at 9. But I consider only the allegations in Phillips's complaint when evaluating this dismissal motion.

[9] ECF No. 1 at ¶ 6.

Rule 2.11(A).[10] Phillips claims that Judge Henderson's failure to disqualify himself from his case was motivated by the fact that he "intends to railroad Plaintiff in his family court case."[11]

**Analysis**

Federal pleading standards require a complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[12] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[13] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[14] A complaint that fails to meet this standard must be dismissed.[15] When, as here, a defendant asserts immunity in a motion to dismiss under Rule 12(b)(6), dismissal is appropriate if the court can "determine based on the complaint itself" that immunity applies.[16]

---

[10] *Id.* at ¶ 9.

[11] *Id.* at ¶ 10.

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[15] *Id.* at 570. Phillips's status as a California-licensed attorney who is representing himself in this action does not alter this standard. The Ninth Circuit has declined to allow pro se attorneys leniency in assessing compliance with technical requirements under the Federal Rules of Civil Procedure. *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023). Unlike other pro se litigants, who are "[p]resumably unskilled in the law" and "far more prone to making errors in pleading," attorneys who represent themselves are entitled to no special consideration. *Id.* (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)).

[16] *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)).

**A.      Phillips's suit is barred by the judicial-immunity doctrine.**

A judge is entitled to absolute immunity from civil suit for acts performed in his official capacity.[17] This rule recognizes that the appeals process—not a lawsuit against the judge—is the appropriate vehicle for correcting judicial error.[18] It therefore applies to civil actions for damages or equitable relief.[19] A judge may lose this immunity if the action in question "is not judicial in nature."[20] To determine if an action is judicial in nature, courts look to whether the act is "a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity."[21] "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."[22]

In an effort to get around the roadblock of judicial immunity, Phillips describes Judge Henderson's challenged conduct as "acts taken 'off the bench'"[23] and tries to narrow the focus to the judge's alleged donation to Legal Aid, which predated Phillips's custody case.[24] But the true essence of his claim is not that Judge Henderson made a contribution to the legal-aid organization, but that he failed to disclose on the record his support of that organization and disqualify himself based on this perceived conflict of interest. So the due-process violation that

---

[17] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Dermoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985).

[18] *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

[19] *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).

[20] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

[21] *Ashelman*, 793 F.2d at 1075.

[22] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

[23] ECF No. 1 at ¶ 4.

[24] *Id*. at ¶ 32.

Phillips is claiming is that Judge Henderson continues to preside over his case with this alleged bias and though doing so violates judicial ethics:

> Henderson donates money to [Legal Aid] but fails to disclose the same to the parties; to make matters worse, Henderson stubbornly insists on remaining the judge in Plaintiff's family law case— despite several canonical violations.[25]

That Phillips's claim attacks a judicial function is made even more clear by the fact that he prays for an order removing Judge Henderson from his custody case:

> By giving money to [Legal Aid], Henderson violates Plaintiff's right to a fair trial in his family court case. Plaintiff seeks money damages as well as a court order requiring Henderson to disqualify himself from continuing to sit in Plaintiff's family court case.[26]

Judge Henderson was serving in his judicial role when presiding over Phillips's child-custody dispute and making these decisions that Phillips claims deprived him of due process. Those acts are quintessentially judicial and absolutely shielded from suit.[27] Phillips's case is thus barred by judicial immunity and must be dismissed.

**B.     Phillips also fails to state a claim upon which relief may be granted.**

Even if conduct alleged in Phillips's complaint falls outside the scope of judicial immunity, this lawsuit must be dismissed nevertheless because Phillips fails to plead a viable

---

[25] *Id*. at ¶ 31.

[26] *Id*. at ¶ 28.

[27] *See, e.g.*, *Smith v. Scalia*, 44 F. Supp. 3d 28, 42 (D.D.C. 2014), *aff'd* 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015) (wherein then-district-judge Ketanji Brown Jackson held that a lawsuit against judges complaining about their written opinions and "recusal decisions" was barred by judicial immunity); *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 714 (S.D.N.Y. 2011) (holding that judge's refusal to recuse is covered by judicial immunity, and collecting cases); *Sylvester v. Sorrell*, 2009 WL 819383, at *3 (D. Vt. Mar. 25, 2009) (concluding, "[w]hile Judge Keller may have presided over a case in which he had a conflict of interest, he is nonetheless protected from suit by the doctrine of judicial immunity").

claim for relief. To state a due-process claim based on judicial misconduct, a plaintiff must show that the judge's behavior rendered the proceedings so fundamentally unfair that his due-process rights were violated.[28] Phillips's allegations fall short of that mark. He relies on the Nevada Code of Judicial Conduct and contends that the judge's failure to comply with it violated his due-process rights.[29] But, as stated in the Code itself, "[t]he Code is not designed or intended as a basis for civil or criminal liability."[30] So even if Judge Henderson did violate the Code, Phillips has made no showing that a violation of the Code would by itself amount to a constitutional violation.

I thus find that Phillips has failed to state a plausible Fourteenth Amendment due-process claim, so his complaint must be dismissed. And because it does not appear on this record that Phillips could state any additional facts sufficient to support such a claim if given the chance to amend, that dismissal is without leave to amend.[31]

## Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss **[ECF No. 7] is GRANTED and this case is dismissed with prejudice.** The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

---

[28] *See Duckett v. Godinez*, 67 F.3d 734, 740–41 (9th Cir. 1995) (stating that "to sustain a claim of [judicial misconduct] there must be an 'extremely high level of interference' by the trial judge that creates 'a pervasive climate of partiality and unfairness'" (quoting *United States v. DeLuca*, 692 F.2d 1277, 1282 (9th Cir. 1982))).

[29] ECF No. 1 at ¶ 7–27.

[30] NCJC Part VI.

[31] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (explaining that, while a plaintiff should be given the opportunity to test his claim on the merits, futile amendments should not be permitted).

And because this case is being dismissed and closed, the defendant's motion to stay discovery **[ECF No. 14] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
September 6, 2024

7